(47 South. 404.)

No. 17,087.

Succession of HERWIG.

(June 30, 1908.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of Philip F. Herwig. From the judgment on a rule taken by C. A. Tessier, Martin H. Sullivan appeals. Reversed.

Rouse, Grant & Grant, for appellant. Dart & Kernan, for appellee Kuntz. Girault Farrar, for appellee Phelps. Dinkelspiel, Hart & Davey, for appellee Tessier.

NICHOLLS, J. The appeals on the docket of this court under the above title, appearing as Nos. 16,920 and 17,087, were by agreement of counsel consolidated, tried, and submitted together.

The appeal in the suit No. 16,920 (47 South. 398[1]) was recently decided, and the judgment therein appealed from was reversed and set aside. The subject-matter of the appeal in suit No. 17,087 was so dependent upon and inseparably connected with that in the first suit that the reversal of the first judgment carried with it as an immediately resulting consequence the setting aside of the judgment in the second, and we should have simultaneously so decreed and announced; but we failed to do so, as that result was legally apparent on the face of the record, and the statement of facts showing in the opinion in No. 16,920. As there was a separate and distinct order of appeal, which was subsequently perfected, and appears still undisposed of, we are forced, in order to make the record clear, to formally annul, reverse, and set aside the judgment appealed from and appearing as No. 17,087.

The judgment appealed from in suit No. 16,920 directed the sale at public auction of certain bonds therein recited. The judgment appealed from in suit No. 17,087 was on a rule taken by C. A. Tessier, auctioneer, to deliver to him the physical possession of the bonds so ordered to be sold, in order that he might deliver possession of the same to the purchaser who might purchase them at the anticipated auction sale. The last proceeding was an incidental one, based upon the fact that the judgment ordering the sale would be continued in force and that the sale would take place under the judgment. It was an ancillary order, asked in aid of the execution of the first. When the order for the sale was set aside, the order for the delivery of the bonds, based upon the prospective sale, ipso facto fell as the necessary legal consequence thereof, independently of any decree on the subject. We may remark, however, that that order was erroneous, and would have been set aside, even had the original order been maintained. See Renshaw v. His Creditors, 40 La. Ann. 41, 3 South. 403; Webre, Syndic, v. Beltran, 47 La. Ann. 195, 16 South. 860.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the order or judgment of the district court herein appealed from under the number 17,087, be and the same is hereby annulled, avoided, and set aside.

[1] Ante, p. 64.